IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WALTER DWAYNE RAMSEY,
Administrator of the Estate of
NORMA LOUISE RAMSEY, deceased,
WALTER DWAYNE RAMSEY,
WANDA GRACE RAMSEY, and
JOYCE ANN WESTFALL                                                           PLAINTIFFS

v.                       CASE NO. 3:09CV00035-JMM

BEVERLY ENTERPRISES, INC.,
BEVERLY HEALTH AND
REHABILITATION SERVICES, INC.
and BEVERLY ENTERPRISES – ARKANSAS, INC.
d/b/a BEVERLY HEALTHCARE – WEST MEMPHIS,
FILLMORE CAPITAL PARTNERS, LLC, FILLMORE
STRATEGIC INVESTORS, LLC,
PEARL SENIOR CARE, INC., PSC SUB, INC.,
GEARY PROPERTY HOLDINGS, LLC,
WILLIAM R. FLOYD, DOUGLAS J. BABB,
DAVID R. DEVEREAUX, JEFFERY P. FREIMARK,
CINDY H. SUSIENKA, PATRICE K. ACOSTA,
JAMES M. GRIFFITH, PATRICIA C. KOLLING,
RICHARD SKELLY, JR., RUBIN SCHRON, and
BEVERLY INDEMNITY, LTD.                                                      DEFENDANTS

**MOTION TO DISMISS FOR FAILURE TO STATE
FACTS UPON WHICH RELIEF CAN BE GRANTED**

The defendants jointly move to dismiss the complaint for failure to state facts upon which relief can be granted, stating as follows:

1. The complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

2. Service of process on defendant Douglas J. Babb was purportedly achieved by Federal Express delivery, signed by "L. Babb." Service of process is therefore

insufficient and the complaint against him should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

3. Not all of the defendants have been served with the complaint and summons in this action. By filing this motion to dismiss, the defendants do not waive defenses to this action based on lack of personal jurisdiction, insufficient process, or insufficient service of process. FED. R. CIV. P. 12(b)(2), (4)-(5). The defendants affirmatively state their intent to preserve these issues and will move to dismiss on these grounds, if applicable, by separate motion.

4. The complaint's claims are based on speculation that defendants Beverly Enterprises, Inc., Beverly Health and Rehabilitation Services, Inc., and Beverly Enterprises – Arkansas, Inc., might someday become insolvent as a result of a transaction that occurred three (3) years ago in March 2006.

5. The complaint does not allege that Beverly is actually insolvent.

6. The complaint does not allege that the plaintiffs have suffered an injury as a result of the March 2006 transaction.

7. The complaint does not raise a right to relief above a speculative level and should be dismissed. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

8. The plaintiffs may not bring an action for an allegedly fraudulent transfer because they have not suffered an injury as a result of the transaction. *United States v. Johnston*, 245 F. Supp. 433, 440 (W.D. Ark. 1965); *Mente & Co v. Westbrook*, 181 Ark. 96, 103, 24 S.W.2d 976, 979 (1930).

9. The complaint fails to allege the element of insolvency necessary to a claim under Ark. Code Ann. § 4-59-205 and Ark. § 4-59-204(a)(2). *Bank of Sun Prairie v. Hovig*, 218 F. Supp. 769, 777 (W.D. Ark. 1963).

10. The complaint fails to state the circumstances constituting fraudulent intent with particularity. FED. R. CIV. P. 9(b); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985).

11. The following public records are attached in support of this motion and are incorporated by reference:

> Exhibit A, Complaint, *Ramsey v. Beverly Enterprises, Inc.*, Crittenden County Cir. Ct., Case No. CV-2006-350 (July 7, 2006).
>
> Exhibit B, Second Amended Complaint, *Marsh v. Howard Mem'l Hosp.*, Howard County Cir. Ct., Case No. CV-2005-78-1 (February 28, 2006).
>
> Exhibit C, Order, *Marsh v. Howard Mem'l Hosp.*, Howard County Cir. Ct., Case No. CV-2005-78-1 (May 18, 2006).
>
> Exhibit D, Order, *Marsh v. Howard Mem'l Hosp.*, Howard County Cir. Ct., Case No. CV-2005-78-1 (December 28, 2007).

12. A brief is filed in support of this motion.

Therefore, defendants respectfully request that this Court dismiss this action against them and grant all other relief to which they are entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
Telephone: (501) 688-8800

By: /s/ R. T. Beard, III
R. T. Beard, III (Ark. Bar No. 71005)

*Attorneys for Beverly Enterprises, Inc., Beverly
Health and Rehabilitation Services, Inc.,
Beverly Enterprises – Arkansas, Inc.,
Fillmore Capital Partners, LLC,
Fillmore Strategic Investors, LLC,
Pearl Senior Care, Inc., PSC Sub, Inc.,
Geary Property Holdings, LLC and
Beverly Indemnity, Ltd.*

and

WILLIAMS & ANDERSON PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
Telephone: (501) 372-0800

By: /s/ Jess Askew III
Jess Askew III (Ark. Bar No. 86005)
Stephen A. Hester (Ark. Bar No. 2002031)
Andrew King (Ark. Bar No. 2007176)

*Attorneys for William R. Floyd, Douglas J. Babb,
David R. Devereaux, Jeffery P. Freimark,
Cindy H. Susienka, Patrice K. Acosta,
James M. Griffeth, Patricia C. Kolling,
Richard Skelly, Jr. and Rubin Schron*

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Rick T. Beard, III
rbeard@mwlaw.com, sluce@mwlaw.com

Gerald A. Coleman
dclawyers@aol.com, reneaycock7@yahoo.com

I hereby certify that on March 23, 2009, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Duncan E. Ragsdale
Attorney at Law
1415 Madison Ave.
Memphis, TN  38104

/s/ R.T. Beard, III
R.T. Beard, III